UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICHOLE Q.,[1]

                                      Plaintiff,                    5:20-cv-00691 (BKS)

v.

MARTIN J. O'MALLEY,
COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
_____

**Appearances:**

*For Plaintiff:*
Kenneth R. Hiller
Justin M. Goldstein
Law Offices of Kenneth R. Hiller PLLC
6000 N. Bailey Ave., Suite 1A
Amherst, NY 14226

*For Defendant:*
Carla B. Freedman
United States Attorney
Fergus J. Kaiser
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Presently before the Court is a motion by Plaintiff's counsel, the Law Offices of Kenneth R. Hiller PLLC (the "Hiller Firm"), for $21,651.19 in attorney's fees under the Social Security

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Act, 42 U.S.C. § 406(b) following Plaintiff's receipt of $130,041.00 in past-due disability benefits. (Dkt. No. 21). The Commissioner of Social Security "neither supports nor opposes counsel's request for attorney's fees," asserting that it is "for the Court to decide if the request" is reasonable. (Dkt. No. 24, at 2). For the reasons that follow, the motion is granted.

## II.    FACTS

On June 10, 2020, Plaintiff signed a fee agreement, hiring the Hiller Firm to represent her on a contingency-fee basis whereby Plaintiff agreed to pay 25% of any past-due benefits awarded. (Dkt. No. 21-2, ¶ 15; Dkt. No. 21-5, at 1). On June 22, 2022, Plaintiff filed this action under 42 U.S.C. § 405(g) seeking review of the Commissioner's denial of her application for Supplemental Security Income and Social Security Disability Insurance Benefits. (Dkt. No. 1). On March 24, 2022, after considering the Administrative Record, (Dkt. No. 10), and briefs by both parties, (Dkt. Nos. 13, 16), the Court reversed Commissioner's decision and remanded the matter for further proceedings, (Dkt. No. 17).

On remand, the Administrative Law Judge ("ALJ"), issued a fully favorable decision finding Plaintiff disabled and granting her claim for benefits. (Dkt. No. 21-4). The Social Security Administration issued a Notice of Award on March 6, 2024, indicating that Plaintiff was entitled to $101,304.65 in past-due benefits and that $32,510.25 had been withheld to pay attorney's fees.[2] (Dkt. No. 21-3, at 2–3).

Plaintiff previously moved for, and was awarded, $6,648.35 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. Nos. 19, 20). The Hiller Firm

---

[2] In its brief, the Hiller Firm states that the Notice of Award indicated that Plaintiff was entitled to $130,041.00 in past-due benefits, (Dkt. No. 21-2, at 2), but the Notice of Award references $101,304.65 in past-due benefits, (Dkt. No. 21-3, at 2). Plaintiff contracted to pay 25% of past-due benefits and, here, the Hiller Firm seeks $21,651.19, which is less than 25% regardless of whether the award of past-due benefits was $130,041.00 or $101,304.65. Neither Plaintiff nor the Hiller Firm explains how they calculated the fee requested but as it is less than 25% percent of the past-due benefits award, such explanation is unnecessary in this case.

now moves for $21,651.19 in attorney's fees[3] and asserts that Attorney Justin Goldstein, a senior attorney at the Hiller Firm, spent 30.6 hours representing Plaintiff at the federal district court level, (Dkt. No. 21-2, ¶ 13; Dkt. No. 21-6, at 2–3), reflecting an hourly rate of $707.55, (Dkt. No. 21-2, ¶ 16, 19; Dkt. No. 21-1 at 8).

## III.   DISCUSSION

Section 406(b)(1) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. §406(b)(1)(A). The Supreme Court has stated that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The Second Circuit has "held that 'where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 852–53 (2d Cir. 2022) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (1990)).

---

[3]The Hiller Firm states that upon receipt of that sum, it will refund the EAJA award of $6,648.35 to Plaintiff. (Dkt. No. 21-1, at 10).

3

"In evaluating the reasonableness of the contingency agreement in a given case," a court must "determine whether the contingency percentage is within the 25% cap . . . whether there has been fraud or overreaching in making the agreement, and . . . whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 853 (quotation marks omitted). The Second Circuit has "explained that a court may reduce the amount of attorney's fees 'provided it states the reasons for and the amounts of the deductions.'" *Id.* (quoting *Wells*, 907 F.2d at 372).

Factors a court "might consider in conducting this reasonableness analysis" include (1) "the character of the representation and the results the representative achieved"; (2) whether 'the attorney is responsible for delay,' lest the attorney 'profit from the accumulation of benefits' during a delay that the attorney caused"; and (3) whether "'the benefits are large in comparison to the amount of time counsel spent on the case'—the so-called 'windfall' factor." *Id.* at 853. (quoting *Gisbrecht*, 535 U.S. at 808).

The fee agreement in this case states that the "attorney fee will be 1/4 (25 percent) of the past due benefits" awarded. (Dkt. No. 21-5, at 1). There is no suggestion that the fee requested is out of line with the character of the representation or the results the Hiller Firm achieved, nor is there any suggestion that Plaintiff's counsel delayed or attempted to delay resolution of this litigation. Accordingly, the Court must determine whether an award of the attorney's fees requested would amount to a windfall for the Heller Firm.

When determining whether an award of attorney's fees constitutes a windfall, the factors courts have considered include: "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *Fields*, 24 F.4th at 854. The Hiller Firm's practice is "devoted largely to representing claimants seeking Social Security Disability benefits

4

and Supplemental Security Income." (Dkt. No. 21-2, ¶ 2). Attorney Goldstein, who performed the majority of the work in this case, has been admitted to practice since 2000 and has handled more than 475 Social Security disability cases since 2010. (*Id.* ¶¶ 1–3). Attorney Goldstein is a Senior Attorney at the Hiller Firm and has handled hundreds of Social Security hearings at the administrative level, has written over 400 legal memoranda in connection with Social Security cases filed in the Northern and Western Districts of New York, and has spoken at continuing legal education seminars to educate colleagues in the realm of disability law. (*Id.* ¶¶ 5–6). Attorney Goldstein spent 30.6 hours working on this case at the federal level, and in that time reviewed the 953-page Administrative Record and drafted a 25-page brief that led to the Court's remand of the Commissioner's decision. (Dkt. No. 21-6, at 1–2; *see also* Dkt. No. 10 (Administrative Record); Dkt. No. 13 (Plaintiff's Brief)).

The Court therefore concludes that Hiller Firm and Attorney Goldstein's "specialization and expertise enabled them to operate especially efficiently" in this case, obtaining an order of remand in 30.6 hours of attorney time. *Fields*, 24 F.4th at 854. Though an hourly rate of $707.55 is high in this District, where, as here, the specialization and experience of the firm and the attorney enabled them to work efficiently and obtain success for their client, "[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency." *Id.*

"Courts should consider the nature and length of the professional relationship with the claimant—including any representation at the agency level—when determining whether a requested fee can truly be deemed a windfall." *Id.* at 855. Here, there is no indication that the Hiller Firm represented Plaintiff at the agency level.[4] But the hourly rate ($707.55) in this case is

---

[4] The favorable decision by the ALJ indicates that Plaintiff was represented at the agency level by "Matthew F. Nutting, a non-attorney representative." (Dkt. No. 21-4, at 4).

5

half the rate permitted in other cases where firms did represent the plaintiffs at the agency level, the Court does not find the absence of representation at the agency level to suggest a windfall. *See id.* at 855 (finding "de factor hourly rate of $1,556.98" could not be deemed a windfall where firm represented the plaintiff at the agency level and in federal court).

The "satisfaction of the disabled claimant" is also a relevant factor in evaluating windfall. *Id.* at 855. Here, Plaintiff's counsel indicates that Plaintiff obtained a favorable decision and "recouped $130,041.00 in past due benefits." (Dkt. No. 21-1, at 8). There is no evidence in the record that Plaintiff is anything but satisfied with this result.

Finally, an "important factor to consider is how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 856. When counsel took on Plaintiff's case, there was no certainty of success. As Plaintiff's counsel points out, even assuming Plaintiff obtained remand at the district court level, there was no guarantee, that Plaintiff would be successful in obtaining an award of benefits at the agency level. (Dkt. No. 21-1, at 7–8). "In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Wells*, 907 F.2d at 371. Further, in this case, the Commissioner actively opposed Plaintiff's request for remand, (Dkt. No. 16), and Plaintiff's success in this case is attributable to the efforts of Plaintiff's counsel in successfully advocating her position and identifying the areas necessitating remand. *Cf.*, *Fields*, 24 F.4th at 856 (explaining that "[a] windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery").

Having considered the relevant factors, the Court concludes that the effective hourly rate requested by Plaintiff's counsel ($707.55) is not a windfall but the "product of efficient and

effective representation." *Fields*, 24 F.4th at 856. Moreover, the requested fee is in line with the corresponding hourly rate of attorney's fees approved by district courts within the Second Circuit. *See*, *e.g.*, *Danny F. v. Comm'r of Soc. Sec.*, No. 3:20-cv-1371, 2024 WL 2237151, at *3 2024 U.S. Dist. LEXIS 88999, at *8 (N.D.N.Y. May 17, 2024) (finding that an hourly rate of $754.67 was reasonable).

Accordingly, Plaintiff's counsel is awarded $21,651.19 and is directed to refund to Plaintiff the amount of the EAJA award, $6,648.35, promptly upon receiving payment from the Social Security Administration.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that the motion for attorney's fees (Dkt. No. 21) in the amount of $21,651.19 is **GRANTED**; and it is further

**ORDERED** that upon receipt of that sum, Plaintiff's counsel shall refund to Plaintiff the previously awarded sum of $6,648.35.

**IT IS SO ORDERED.**

Dated: November 5, 2024
       Syracuse, New York

*/s/ Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge